UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHONG PHAN,

               Petitioner,

    v.

MOISES BECERRA, *et al.*,

               Respondents.

Case No.  2:25-cv-1757-DC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Phong Phan entered the United States in 1981 and, after being ordered removed, was released in 2021 on supervised release.  In 2025, petitioner was re-detained by ICE.  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that ICE failed to comply with federal regulations before re-detaining him.  The court issued a preliminary injunction ordering respondents to immediately release petitioner.  Respondents now move to dismiss the petition, arguing that it is moot as a result of petitioner's release.  For the reasons outlined below, I recommend that respondents' motion be denied.

**Background**

Petitioner entered the United States in 1981, coming from Vietnam.  ECF No. 14 at 1.  In 1984, he became a lawful permanent resident.  *Id*. at 1-2.  In 1992, petitioner was convicted of violating California Penal Code sections 31 and 187, and he served approximately twenty-nine years in prison.  *Id*. at 2.  In 2021, upon his release from prison, petitioner was re-detained by ICE and underwent removal proceedings.  *Id*.

1

On May 27, 2021, petitioner was ordered removed. *Id*. Approximately two months later, he was released from ICE detention on supervised release. *Id*. Petitioner alleges that he complied with all requirements of his release. *Id*. On June 3, 2025, petitioner was re-detained by ICE after he arrived for his regularly scheduled check in appointment at the ICE San Francisco office. *Id*.

## Procedural History

On June 23, 2025, petitioner filed a petition for writ of habeas corpus. ECF No. 1. He concurrently filed a motion for a temporary restraining order, which the court denied. ECF Nos. 2 & 14. On July 9, 2025, after filing an amended petition, petitioner filed a motion for a preliminary injunction. ECF Nos. 15 & 16. On July 16, 2025, the court granted petitioner's motion, ordered respondents to immediately release petitioner, and enjoined and restrained respondents "from re-detaining or removing Petitioner to a third country without notice and an opportunity to be heard." ECF No. 22 at 11.

Thereafter, the court set an expedited briefing schedule on the pending amended petition. ECF No. 23. Respondents filed a "response and motion to dismiss petitioner's first amended petition under 28 U.S.C. § 2241 as moot." ECF No. 24. Petitioner submitted a "reply in support of first amended petition for writ of habeas corpus," in which petitioner opposed respondents' motion.[1] ECF No. 25.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of

---

[1] At the outset, petitioner argues—in a footnote—that the court should strike respondents' motion because it was not properly noticed. ECF No. 25 at 3 n.2. However, petitioner filed an opposition to the motion and does not argue that he is prejudiced by the filing. Accordingly, the motion should be decided on the merits.

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Respondents move to dismiss on the basis that the case is moot. ECF No. 24 at 3. Specifically, they argue that, "[b]ecause Petitioner has been released from detention under an order of supervision" (i.e. pursuant to the preliminary injunction), "the relief he requests can no longer be granted." *Id*. Petitioner counters that the case "is not moot because the preliminary injunction is not the final decision . . . and this Court can still and should provide meaningful— and final, as opposed to preliminary—relief . . . ." ECF No. 25 at 5.

"The party asserting mootness has the heavy burden of establishing that there is no effective relief remaining for a court to provide." *GATX/Airlog Co. v. U.S. Dist. Ct. for N. Dist. of California*, 192 F.3d 1304, 1306 (9th Cir. 1999). The issuance of a preliminary injunction does not automatically establish "that there is no effective relief remaining for a court to provide." *See id*. On the contrary, a preliminary injunction is temporary because "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Moreover, a preliminary injunction "dissolves *ipso facto* when a final judgment is entered." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010).

In a plurality opinion, the Supreme Court held that a litigant's release from detention pursuant to a preliminary injunction does not moot the case. *Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion). The court found that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, [plaintiffs] faced the threat of re-arrest and mandatory detention." *Id*. Additionally, the Court of Appeals has held that, where a litigant is released from detention in connection with a court order, "the government's compliance with the district court's order does not moot its appeal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 n.2 (9th Cir. 2022).

Here, while petitioner was released from detention and respondents are enjoined from re-

3

detaining him without notice and the opportunity to be heard, such relief is only temporary because it stems from the preliminary injunction. *See* ECF No. 22. Because the preliminary injunction has not been "made permanent," petitioner continues to "face[] the threat of re-arrest and . . . detention." *See Nielsen*, 586 U.S. at 403. Accordingly, I find that petitioner's release pursuant to the preliminary injunction did not moot the case. *See Alma Martinez Cruz v. Todd Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 4041924, at *2 (C.D. Cal. Nov. 13, 2025) (finding that the case was not moot as a result of petitioner being released from detention pursuant to a temporary restraining order).

In their motion, respondents rely on three cases, none of which supports their position. *See* ECF No. 24 at 3. First, in *Picrin-Peron v. Rison*, the petitioner was voluntarily released from custody while his petition was pending. 930 F.2d 773, 774-75 (9th Cir. 1991). The Court of Appeals held that the case was moot because the government filed a declaration stating that "'[a]bsent [petitioner's] reinvolvement with the criminal justice system, a change in the Cuban government enabling him to return to Cuba, or the willingness of a third country to accept him, he will be paroled for another year." *Id*. at 776 (second alteration added). Notably, a party "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 190 (2000). Here, unlike in *Picrin-Peron*, respondents have not provided any evidence demonstrating that petitioner "could not reasonably be expected" to be re-detained. *See id*.; *see also Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011) (distinguishing *Picrin-Peron* where "[t]he government has offered no assurance that [petitioner] will not be redetained").

Second, in *Abdala v. I.N.S.*, the Court of Appeals held that "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." 488 F.3d 1061, 1064 (9th Cir. 2007). Here, as noted, there is a remaining "collateral consequence" in that petitioner could be re-detained after the preliminary injunction expires (i.e. when judgment is entered). *See id.* Accordingly, this case presents a live controversy.

4

Third, in *Flores-Torres v. Mukasey*, the Court of Appeals held that the petitioner's claim that he was detained without a hearing was moot because, while the case was pending, he was provided with a bond hearing. 548 F.3d 708, 710 n.3 (9th Cir. 2008). Here, petitioner seeks more than a bond hearing; he requests release and, in the event of re-detention, notice and the opportunity to be heard. ECF No. 15 at 28-29. As such, and as explained above, he has not received complete relief through the preliminary injunction because he still faces the threat of re-detention when the preliminary injunction expires. Thus, *Flores-Torres* is inapposite.

Accordingly, I find that respondents have not satisfied their "heavy burden of establishing that there is no effective relief remaining for a court to provide." *See GATX/Airlog Co*, 192 F.3d at 1306.[2]

**Conclusion**

Based on the foregoing, it is hereby RECOMMENDED that respondents' motion to dismiss, ECF No. 24, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[2] To the extent that respondents argue that petitioner lacks standing or that his claims are no longer ripe, such arguments are unavailing. Respondents do not show that petitioner's release pursuant to the preliminary injunction has deprived petitioner of either standing or, relatedly, a ripe claim. *See* ECF No. 24 at 4.

IT IS SO ORDERED.


Dated:    March 5, 2026    

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE